73 F.3d 368
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 ACME WESTERN AMBULANCE SERVICE, Plaintiff-Appellant,
v.
HOSPITAL & HEALTH CARE WORKERS' UNION, LOCAL 250, Defendant-Appellee.
 No. 94-16610.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 5, 1995.*
Decided Dec. 20, 1995.
 
 Before: PREGERSON, BRUNETTI, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 We review the district court's decision confirming an arbitration award de novo. Employers Ins. of Wausau v. National Union Fire Ins. Co. of Pittsburgh, 933 F.2d 1481, 1485 (9th Cir.1991). However, "[j]udicial scrutiny of an arbitrator's decision is extremely limited. The arbitrator's factual determinations and legal conclusions generally receive deferential review as long as they derive their essence from the collective bargaining agreement." Stead Motors of Walnut Creek v. Automotive Machinists Lodge No. 1173, 886 F.2d 1200, 1209 (9th Cir.1989) (en banc), cert. denied, 495 U.S. 946 (1990) (quotation omitted). "If, on its face, the award represents a plausible interpretation of the contract, judicial inquiry ceases and the award must be enforced." Id.
 
 
 3
 In interpreting a collective bargaining agreement, the arbitrator's source of law is not limited by the express provisions of the agreement. Federated Dept. Stores v. United Foods & Commercial Workers Union, 901 F.2d 1494, 1497-98 (9th Cir.1990). "[I]ndustrial common law--the practices of the industry and the shop--is equally a part of the collective bargaining agreement although not expressed in it." Id. at 1497.
 
 
 4
 The arbitrator's award in the present case was guided by notions of industrial due process. As the arbitrator stated:
 
 
 5
 Tolling is appropriate in this case because the record indicates that the parties were engaged in discussions which could have led to a resolution of the dispute without the need to process the grievance further. It would be unreasonable to permit the company to proffer information and to promise further discussion and then preclude the union from advancing the grievance because it did not honor its agreement.
 
 
 6
 The collective bargaining agreement provides:
 
 
 7
 In the event that the Employer and the Union cannot resolve the grievance through mutual discussion, either party may request arbitration of the grievance. Such request must be made in writing and within thirty (30) days of the date of the grievance.
 
 
 8
 The arbitrator's decision to apply tolling principles is a plausible interpretation of this agreement, and thus draws its essence from the collective bargaining agreement. See Stead Motors, 886 F.2d at 1209. We are therefore bound by the arbitrator's construction of the agreement and affirm the district court's confirmation of the arbitrator's award.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3